**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10007 |
| Plaintiff - Appellee, | D.C. No. 4:07-CR-00428-JMR-HCE |
| v. | |
| EDGAR TAPIA, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John M. Roll, Chief District Judge, Presiding

Submitted February 10, 2010[**]
San Francisco, California

Before: HALL, THOMPSON, and McKEOWN, Circuit Judges.

Edgar Tapia ("Tapia") timely appeals his conviction of assault on a United

States Customs and Border Protection ("CBP") officer, Matthew Escarciga, in

violation of 18 U.S.C. § 111(a)(1), as charged in Count Two of the indictment.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Tapia was *acquitted* of a separate charge of assault on another CBP officer, John Holman, which arose out of the same incident on February 7, 2007, and was charged in Count One of the indictment.

Tapia contends that the district court erred in denying his motion for a mistrial after Officer Holman testified—to the surprise of both the prosecution and the defense—that Tapia "apologized" for his actions during a custodial interrogation by another federal officer, ICE Agent Robert Whitchurch. In a variation on the theme of his mistrial motion, Tapia contends that the prosecution's failure to disclose that Officer Holman would testify about the "apology" violated his due process rights under *Brady v. Maryland,* 373 U.S. 83 (1963), because he was unable to address that evidence in his opening statement. For the first time on appeal, Tapia further contends that he was prejudiced by the nondisclosure because he was prevented from bringing a pretrial motion to suppress the apology—which he characterizes as being "tantamount to a confession"—and because he was foreclosed from pursuing certain alternative defense strategies. We have jurisdiction of Tapia's appeal pursuant to 28 U.S.C. § 1291, and we affirm.

## I.

The evidence presented during Tapia's three-day jury trial, the procedural events of the case, and the applicable law are well known to the parties. Thus, we

2

recite such information only as necessary to our disposition of the appeal.

## II.

We review *de novo* a district court's denial of a motion for mistrial based on an alleged *Brady* violation. *United States v. Howell*, 231 F.3d 615, 624 (9th Cir. 2000). When a *Brady* issue is not raised below, however, this Court reviews the claim "only to determine if [its] denial would constitute plain error affecting the appellant's substantial rights." *United States v. Guzman-Padilla*, 573 F.3d 865, 890 (9th Cir. 2009) (citing Fed. R. Crim. P. 52(b)). Applying these standards of review, we conclude that the district court did not commit any reversible error in denying Tapia's mistrial motion.

Officer Holman did not mention any apology by Tapia in his incident report, and there is no dispute that both the prosecutor and defense counsel were surprised when Officer Holman testified about it. Nevertheless, the duty to disclose material evidence favorable to the accused applies even without a request from the accused, *United States v. Bagley*, 473 U.S. 667, 682 (1985), irrespective of the good faith of the prosecutor, *Brady,* 373 U.S. at 87, and even where the evidence is known only to investigators and not to the prosecutor, *Kyles v. Whitley*, 514 U.S. 419, 438 (1995). To rise to the level of a due process violation, however, the nondisclosure

3

of "favorable" evidence, whether it is exculpatory or useful only for impeachment, must have been prejudicial—i.e., "so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). To determine prejudice, "the withheld evidence must be analyzed in the context of the entire record," and will be deemed prejudicial or material "only if it undermines confidence in the outcome of the trial." *Benn v. Lambert*, 283 F.3d 1040, 1053 (9th Cir. 2002).

Our review of the record reveals that defense counsel was able to use the testimony about Tapia's apology quite skillfully and effectively to impeach Officer Holman and that, as a result, the jury acquitted Tapia of the assault against that officer as charged in Count One. Indeed, it appears that defense counsel—as the district court presciently observed in denying Tapia's motion for mistrial—was able to wring so much impeachment value out of Holman's testimony during his cross-examination of Officers Holman and Whitchurch, that he was able credibly to claim during closing argument that Officer Holman had fabricated his testimony about defendant's "apology." The record also shows that Officer Holman's surprise testimony about Tapia's "apology" did not affect the verdict on the only charge of which he was convicted—the assault on Officer Escarciga, as charged in

4

Count Two—which was fully supported by evidence independent of and unrelated to Officer Holman's undisclosed assertion.

Tapia fails to provide any reasoned argument or authority for his contention that a motion to suppress his "confession," or any of the suggested alternative defense strategies, would have affected the verdict in this case. These contentions may, thus, be deemed abandoned on appeal. *United States v. Tisor*, 96 F.3d 370, 376 (9th Cir. 1996). Even if not abandoned, however, it is difficult to imagine that defense counsel could have challenged the "poor quality" or "bad faith" of the investigation any more effectively than he did at trial by using Officer Holman's testimony about the undocumented "apology," as well as certain significant conflicts between his testimony and that of the other officers, to undermine the government's case. In any event, the district court's failure to divine the theories Tapia raises for the first time on appeal as grounds for a mistrial was not plain error affecting his substantial rights, as none of his arguments gives us reason to believe that earlier disclosure of the "apology" would have resulted in a different verdict.

## III.

For all the foregoing reasons, the judgment of conviction, including the sentence imposed, is AFFIRMED.